IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPRING & ASSOCIATES, INC., | ) | |
| MYRTLE A. THOMAS, THOMAS E. | ) | |
| HENSON, JR., ESQ., JOYCE M. | ) | |
| COLLINS, and THE STATE OF | ) | |
| DELAWARE ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1555-KAJ |
| | ) | |
| BISHOP JAMES R. JOHNSON, and | ) | |
| BISHOP TERRANCE LAMONT | ) | |
| JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

James R. Johnson and Terrance L. Johnson (collectively "Defendants") appear pro se.

On December 27, 2004, the Defendants filed a Notice of Removal pursuant to 28 U.S.C. §

1441(b). However, only James R. Johnson has filed a motion to proceed in forma pauperis.

**I. PAUPER DETERMINATION**

The Court reviews James R. Johnson's request to proceed in forma pauperis pursuant to

28 U.S.C. § 1915 to determine whether he is eligible for pauper status. Section 1915 also

requires the Court to determine whether the action is frivolous, malicious or fails to state a claim

upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Furthermore, Section

1915(e)(2)(B) authorizes the Court to dismiss an in forma pauperis complaint at any time, if the

Court finds the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.

When determining whether James R. Johnson is entitled to in forma pauperis status, the Court begins by looking at his affidavit requesting such. If he lacks sufficient assets with which to pay the filing fee, the Court may grant his request. Here, there is a question regarding James R. Johnson's income. First, he indicates in his affidavit that he has not worked since September 2004, and that prior to that time, his income was $1,000 per month. He also states that in November 2004, he received $2,500 from the Apostolic Church of Jesus Christ. Finally, he indicates that he owns five cars worth $25,000.

Based on the information provided, the Court finds that James R. Johnson does have the financial assets available to pay the $150.00 filing fee. This, however, is not the end of the Court's review of this matter. In addition to determining that James R. Johnson has the ability to pay the filing fee, the Court also denies his request to proceed in forma pauperis because, as discussed below, the Court finds that he does not have standing to bring this removal action.

## II. DISCUSSION

### A. James R. Johnson Does Not Have Standing to Remove the Underlying Action

Under 28 U.S.C. § 1446, "a defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal ... ." Section 1446 does not allow other non-parties to file a notice of removal. 28 U.S.C. § 1446.

It appears that Terrance L. Johnson is being sued in the Superior Court of Sussex County, along with the Apostolic Church of Jesus Christ of the Apostolic Faith, Inc., and Leisure

2

Construction, Inc., for breach of contract. (D.I. 2 at Atch 2) James R. Johnson is not a party to the underlying civil action. (Id. at Atch 1) Consequently, he does not have standing to seek removal of the action.

### B. The Notice of Removal is Defective

A defendant desiring to remove a civil action from state court must file a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). This section of the removal statute also requires that all defendants in an action who may properly join a removal action sign the notice or consent to the removal. Id.; see also Prize Frize, Inc. V. Matrix Inc., 167 F.3d 1261, 1266 (9th Cir. 1999)("Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal.")(citing Northern Illinois Gas Co. v. Airco Industrial Gases, 676 F.2d 270, 273 (7th Cir. 1982)); Lewis v. Rego Company, 757 F.2d 66, (3d Cir. 1985)("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition.")(internal citation omitted). In this case, neither the Apostolic Church of Jesus Christ of the Apostolic Faith, Inc., nor Leisure Construction, Inc. have signed the Notice of Removal. (D.I. 2 at 4.) Terrance L. Johnson has not indicated in the Notice of Removal that either of the other defendants have consented to the removal action, nor has he explained their absence from this action. (Id.)

Section 1446(a) also requires that a defendant removing an action to the District Court include "a copy of all process, pleadings, and orders served upon such defendant..." 28 U.S.C. § 1446(a). Moreover, the defendant must file the Notice of Removal "within thirty days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth

3

the claim for relief."   28 U.S.C. § 1446(b).  In this instance, Terrance J. Johnson has not

provided the Court with a copy of the original complaint filed in the Superior Court of Sussex

County.  Rather, he has filed a copy of a "motion for summary judgment" and miscellaneous

documents in support of that motion.  (D.I. 2.)  Consequently, there is no way for the court to

know if Terrance L. Johnson filed the Notice of Removal within thirty days of his receipt of the

complaint.

   Thus, Terrance L. Johnson has not properly removed this action from the Superior Court

of State of Delaware in and for Sussex County in accordance with the requirements of 28 U.S.C.

§ 1446.

   NOW THEREFORE, at Wilmington this 6th day of May , 2005, IT IS HEREBY

ORDERED that:

   James R. Johnson's Motion to Proceed In Forma Pauperis is DENIED, and ,

   The Notice of Removal being defective, the case was not removed from state court and

the action opened here is DISMISSED.


UNITED STATES DISTRICT JUDGE

4